Ayra Pernell a/k/a Aaron Pernell
Prisoner No. 17601-035
Federal Correctional Institution
9595 W. Quincy Ave.
Littleton, Colorado 80123
Appearing Pro Se

UNITED STATES DISTRICT COURT
IN AND FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Ayra Pernell a/k/a/<br>Aaron Pernell, | ) | **COMPLAINT** |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 25-1126-SPM |
| v. | ) | |
| | ) | |
| Officer FNU ROSS, | ) | |
| | ) | |
| Defendant. | ) | |

## I. Jurisdiction & Venue

1. This is a civil action authorized by 28 U.S.C. § 1332(a) alleging violations of state law. The court has jurisdictino under 28 U.S.C. 1332(a)(1).

2. The United States District Court for the Southern District of Illinois is an appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to the claims occurred.

## II. Plaintiff

3. Plaintiff, Ayra Pernell, is and was at all times mentioned herein a federal prisoner in the custody of the Federal Bureau of Prisons. She is currently confined at FCI Englewood, a federal prison located in Littleton, Colorado. Plaintiff is a citizen of

## III. Defendant

4. Defendant, Officer Ross, is a citizen of Illinois. Officer Ross is and was at all times mentioned herein a Federal Bureau of Prisons ("BOP") correctional officer working at USP Marion,

a federal prison located in Marion, Illinois.

5. Officer Ross is sued in his individual capacity.

## IV. Facts

6. Plaintiff is a transgender female incarcerated at a male federal prison. Officer Ross is a guard at Plaintiff's prison who worked in the housing unit where Plaintiff was housed.

7. For several months before 3/2/2024, Officer Ross was involved in a personal campaign of daily sexual harassment of Plaintiff. Officer Officer Ross followed Plaintiff to her cell and, upon entering, made sexually suggestive remarks about Plaintiff's body.and attempted to touch Plaintiff's body.

8. Officer Ross repeatedly called Plaintiff to his office while he was working his shift at the prison and threatened Plaintiff with the loss of privileges if Plaintiff would not permit him to touch her. On several occasions, Plaintiff did suffer a loss of privileges as a result of refusing Officer Ross's sexual advances. Officer Ross repeatedly coerced Plaintiff to submit to him touching Plaintiff's breasts, groin, thighs, and buttocks during the months of January 2024, February 2024, and March 2024.

9. On March 2, 2024, Officer Ross groped Plaintiff's body as he had done before, removed Plaintiff's underwear, and raped her. Plaintiff did not consent to Officer Ross touching or sexually assaulting Plaintiff on March, 2, 2024.

10. Plaintiff reported that Officer Ross raped her on March 2, 2024 via the Bureau of Prison's Administrative Remedy Program by filing a BP-9, BP-10, and BP-11. Exhibit A is the BP-11 form that Plaintiff submitted to the BOP Central Office.

11. Plaintiff suffers from insomnia, fear, humiliation. depression, anxiety, and severe mental duress as a result of Mr. Ross raping her. Plaintiff also suffered physical injury to her person due to the sexual assault she suffered at the hands of Mr. Ross on March 2, 2024.

### V. Claims for Relief

12. The afore-described misconduct articulated in paragraphs 7-11 constitute the the tort of outrage or intentional infliction of emotional distress under Illinois common law. Said misconduct caused great upheaval in Plaintiff's life and left her emotionally devastated. Plaintiff is currently taking several medications for various emotional injuries caused by Mr. Ross raping her and sexually harassing her as described in paragraphs 7-11.

13. The actions of Officer Ross set forth in paragraphs 7-11 constitute assault and battery under Illinois common law.

### VI. Prayer for Relief

WHEREFORE, Plaintiff respectfully prays that this court enter judgment granting Plaintiff the following relief:

   (a) Award compensatory damages against Officer Ross in an amount to be determined at trial but in no event less than $700,000.00;

   (b) Award actual damages against Officer Ross in an amount to be proven at trial;

   (c) Award punitive damages against Officer Ross in an amount to be proven at trial;

   (d) Award Plaintiff reasonable costs:

(e) Grant such other relief as the court may deem just and
proper.

VERIFICATION

I declare under penalty of perjury that the foregoing is true
and correct, that I am the plaintiff in this action, that I have
read this complaint, and that this was executed at Littleton, Colorado
this 21st day of May 2025.

Ayra M. Pernell a/k/a Aaron Pernell
FCI Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

**U.S. Department of Justice**

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-229(13) and BP-230(13), including any attachments must be submitted with this appeal.

From: **Pernell, Arya M.**          **17601-035**      **NB**      **Marianna**
　　　　LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A - REASON FOR APPEAL** (SENSITIVE REMEDY) IN ACCORDANCE with (PLRA) under 42 USC §1997(e),

I submit this remedy. (FACTS)-- I was repeatedly stalked, threatened, sexually assaulted & raped by correctional officer Mr. Ross at USP Marion, which occured over a period of months until (3-2-2024), causing severe mental & emotional distress, anxiety, depression & irreparable injury, in violation of the 8th & 14th Amendment & the ADA & RA. Farmer V. Brennan, 511 US 825 (1994); Kincaid V. Williams, 143 S.Ct 2414 (2023). After being sexual[ly] assaulted & raped, I was placed in confinement (SHU) causing additional distress, trauma & mental anguish to the point of being placed on an anxiety medication called Buspirul medication to help me cope with the extreme trauma & depression. Collins V. Union Co. Jail, 150 NJ. 407, 696 A.2d 625, 632 (NJ.1997); McPeters V. Thomas, Lexis 50478 (6th C. 2021). Being detained I lost regular contact with family for emotional support, loss of property and loss of Due Process to the courts. To amplify the pain & suffering, was heckles and threats I received from staff and other inmates. Which constitute a deliberate form of retaliation and intimidation..RELIEF. to exhaust my (PLRA) remedy.

7-8-2024
DATE

_Arya Milan Pernell_
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

_____
DATE

**ORIGINAL: RETURN TO INMATE**

**Part C - RECEIPT**

Return to: _____
　　　　LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

_____
DATE

GENERAL COUNSEL

CASE NUMBER: _____

CASE NUMBER: _____

**EXHIBIT A**

SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

UPN LVN          PRINTED ON RECYCLED PAPER          BP-231(13)
JUNE 2002

Aaron Pernell #17601-035
Federal Correctional Institution
9595 W. Quincy Ave.
Littleton, Colorado 80123

Denver, CO P&DC 802-ZIP
THU 22 MAY 2025 AM

MAIL CLEARED
US MARSHALS

CLERK OF THE COURT
UNITED STATES COURTHOUSE
760 MISSOURI AVE.
EAST ST. LOUIS, IL 62201

Legal Mail                    Legal Mail                    Legal Mail

RECEIVED

MAY 28 2025

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

CORRECTIONAL SYSTEMS MANAGEMENT
FEDERAL CORRECTIONAL INSTITUTION
9595 WEST QUINCY AVE., LITTLETON, CO., 80123

DATE/INITIALS ___ *as 5/21/25*

THE ENCLOSED LETTER WAS PROCESSED THROUGH SPECIAL MAILING
PROCEDURES FOR FORWARDING TO YOU. THE LETTER HAS NEITHER BEEN
OPENED NOR INSPECTED. IF THE WRITER RAISES A QUESTION OR PROBLEM
OVER WHICH THIS FACILITY HAS JURISDICTION, YOU MAY WISH TO RETURN
THE MATERIAL FOR FURTHER INFORMATION OR CLARIFICATION. IF THE
WRITER ENCLOSES CORRESPONDENCE FOR FORWARDING TO ANOTHER
ADDRESSEE, PLEASE RETURN THE ENCLOSURE TO THE ABOVE ADDRESS.