IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| AARON PERNELL,<br>*also known as Ayra Pernell,*<br>#17601-035,<br><br>             **Plaintiff,**<br><br>v.<br><br>OFFICER ROSS,<br><br>             **Defendant.** | Case No. 25-cv-01126-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Pernell[1] is an inmate in the custody of the Federal Bureau of Prisons and currently incarcerated Federal Correctional Institution. Plaintiff asserts that while she was at USP Marion she was sexually assaulted and raped by Defendant Officer Ross. Plaintiff alleges diversity jurisdiction pursuant to 28 U.S.C. §1332(a) because she and Defendant are citizens of different states, and the amount in controversy exceeds $75,000. (Doc. 1, p. 1-2, 3). This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen and dismiss any portion that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant. 28 U.S.C. § 1915A(b).

### THE COMPLAINT

Plaintiff states that while she was at USP Marion she was sexually harassed for months by Officer Ross. (Doc. 1, p. 2). According to Plaintiff, Ross would follow Plaintiff to her cell and make sexually suggestive remarks about Plaintiff's body and attempt to touch Plaintiff. Plaintiff

---

[1] Plaintiff identifies herself as a transgender female, who goes by the name Arya Pernell. (Doc. 1, p. 1-2).

also asserts that Ross would repeatedly call Plaintiff to his office and threaten Plaintiff with the loss of privileges if Plaintiff did not allow him to touch her. On several occasions, Plaintiff lost certain privileges after she refused Ross's "sexual advances." In January, February, and March 2024, Ross repeatedly coerced Plaintiff into allowing him to tough her breasts, groin, thighs and buttocks. On March 2, 2024, Ross groped Plaintiff and then raped her. Plaintiff reported the rape through the Bureau of Prison's Administrative Remedy Program. (*Id.*). Because of Ross's sexual harassment and rape, Plaintiff suffers from severe mental distress, insomnia, fear, humiliation, depression, and anxiety. (*Id.* at p. 3).

## DISCUSSION

Based on the allegations in the Complaint and Plaintiff's description of her claims, the Court designates the following counts in this pro se action:

**Count 1:**   State law intentional infliction of emotional distress claim against Ross.

**Count 2:**   State law assault claim against Ross.

**Count 3:**   State law battery claim against Ross.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

As mentioned, Plaintiff has invoked the Court's diversity jurisdiction. (Doc. 1, p. 1); 28 U.S.C. §1332(a)(1). Construing the Complaint liberally, Plaintiff appears to be asserting that she is a citizen of Colorado, where she is currently incarcerated, and that Defendant Ross is a citizen of Illinois. Plaintiff requests $700,000 in compensatory damages, in addition to punitive damages.

---

[2] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

The Court takes these assertions as true at the pleading stage, and they are enough to state a basis for the court to exercise diversity jurisdiction.

The Court must now consider whether the Complaint states a claim for relief. Based on the allegations that Plaintiff was sexually harassed and assaulted for months by Defendant Ross and eventually raped on March 2, 2024, Plaintiff has stated claims under Illinois state law for intentional infliction of emotional distress, assault, and battery. Both Counts 1, 2, and 3 will proceed against Defendant Ross. *See Carr. Village of Richmond,* 96 C 50203, 1996 WL 663921, at *6-7 (N.D. Ill. 1996) (discussing the elements of assault, battery, and intentional infliction of emotional distress under Illinois law).

### DISPOSITION

Pursuant to Section 1915A, the Complaint survives preliminary review. **COUNTS 1, 2, and 3** will proceed against Defendant Officer Ross.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendant Officer Ross; the Clerk shall issue the completed summons. The United States Marshals **SHALL** serve Defendants pursuant to Federal Rule of Civil Procedure 4(e). All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the Complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the Complaint, and this Memorandum and Order.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the

Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant needs only to respond to the issues stated in this Merit Review Order.**

Plaintiff is **ADVISED** that if judgment is rendered against her and the judgment includes the payment of costs under 28 U.S.C. § 1915, she will be required to pay the full amount of the costs, even though her application to proceed without payment of fees was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that she is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in her address; the Court will not independently investigate her whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 12, 2025**

                                         *s/Stephen P. McGlynn*
                                         **STEPHEN P. MCGLYNN**
                                         **United States District Judge**

### NOTICE TO PLAINTIFF

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.